## Neiman, Appellant, *v.* Ebert.

*Pleading — Statement of claim—Demurrer—Real estate broker—Commissions.*

In an action against a real estate broker who had the exclusive sale of a piece of real estate to recover one-half of the commissions which the plaintiff claimed that the defendant had promised to him if he would reveal the name of a purchaser, the statement of claim is fatally defective if it merely avers the agreement, and that the plaintiff had revealed the name of the purchaser, but fails to aver that the defendant continued as the agent for the sale of the property until it was actually sold to the person named by plaintiff, or that the sale was in fact the result of any action of the defendant.

Argued March 14, 1911. Appeal, No. 9, March T., 1911, by plaintiff, from order of C. P. York Co., April T., 1909, No. 133, sustaining demurrer to statement in case of George Neiman v. Harry S. Ebert. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover half of commissions on a sale of real estate. Before WANNER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order sustaining demurrer to statement of claim.

*H. H. McClune*, for appellant.

*John L. Rouse*, for appellee.

OPINION BY MORRISON, J., May 11, 1911:

In this action of assumpsit the defendant demurred to the plaintiff's declaration, and on October 4, 1900 the court sustained the demurrer with leave to fi¹ amended declaration. On October 11, 1909, the ⸱ᵣ- tiff filed an amended declaration, and on October 27 1909,

the latter was demurred to, and on December 27, 1909, the court sustained the demurrer and entered judgment thereon in favor of the defendant. Plaintiff's counsel has not seen fit to print the original declaration nor the amended one, but refers us to the opinion of the court as to the contents of said declarations. For this default on the part of the appellant we might well quash the appeal but have concluded to consider the case on its merits.

The very peculiar pleading requires us to consider both declarations although the errors assigned are to the action of the court in sustaining the demurrer and entering judgment thereon as to the amended declaration. But as neither declaration, standing alone, is complete, we are compelled to graft the two together in order to determine just what the plaintiff did aver. The learned court says, as to the first declaration, that "the defendant having exclusively for sale, as agent for one Francis E. Ellicker, a certain house and lot of ground, the plaintiff did, on or about the second day of November, 1908, ask defendant what he would pay the plaintiff, to disclose to him the name of a person who would purchase said house and lot of ground, whereupon said defendant said and agreed, that he would pay the plaintiff the one-half of five per cent of the price at which said house and lot of ground would be sold, if sold to the person disclosed to him by the plaintiff. That the plaintiff thereupon disclosed to the defendant, the name of one Pius Lehman, and that said house and lot of ground was, on the third day of February, 1909, transferred and conveyed to the said Pius Lehman for the sum or price of twenty-seven hundred dollars ($2,700) by the said Francis E. Ellicker, by the latter's deed to him of that date." To the said declaration the court sustained the demurrer and it seems very clear that no sufficient cause of action was stated. The plaintiff then amended his declaration as follows: "That before plaintiff called upon defendant regarding the sale of the house and lot of ground mentioned in his statement, he, plaintiff, had asked Francis E. Ellicker, the owner thereof,

what he would allow him, plaintiff, if he could get him a purchaser for said house and lot of ground. Ellicker replied that he had placed the property with Harry S. Ebert under a written agreement that he, Ebert, had exclusive right to sell or words to that effect; that when plaintiff called upon said Ebert, at the latter's office, and the latter said upon referring to his agreement that he had it, and under it had the exclusive right to sell said property or words to that effect; plaintiff in substance then said to defendant that he knew of a person who he thought would buy it, but he, plaintiff, could not sell to him for personal reasons between them, and then asked defendant what he would give him if he gave him the name of said person and said property was sold to said person; said defendant replied that he would allow him one-half of his commission of five per cent, or words to that effect, to which plaintiff consented, and then gave him the name of the said Pius Lehman; that defendant said I can sell to him, and will write to him to-day that I have it for sale, or words to that effect.

"Plaintiff further avers that the facts stated in the original statement and to which this amendment is supplemental are true and are taken to be with it as the complete statement in this case."

The amended declaration does not aver that the defendant was to pay the plaintiff a specific sum of money for disclosing the name of a prospective purchaser. But the averred bargain was as follows: Plaintiff then asked defendant what he would give him if he gave him the name of said person and said property was sold to said person; said defendant replied that he would allow him one-half of his commission of five per cent. This bargain as averred must have been understood by the parties to it to have been that defendant would pay the plaintiff one-half of five per cent commission on the sale of the property which might be earned by the defendant. But the declaration does not aver that the agency of the defendant continued till the sale and conveyance by Ellicker to Leh-

man on February 3, 1909, for the sum of $2,700. Nor does the declaration aver that said sale was the result of the information furnished by plaintiff to defendant and that defendant earned five per cent on the selling price of the property. A fatal defect in the declaration is its failure to aver that the sale by Ellicker to Lehman was the result of any action of the defendant. From anything that appears in the declaration the defendant's agency may have been terminated long prior to the sale of February 9, 1909. The declaration ought to have averred that the agency of the defendant as to said property continued in force and that the sale and conveyance to Lehman was the result of the information furnished the defendant by the plaintiff and that the defendant either earned or received five per cent commission on the sum for which the property was sold, to wit, $2,700, and that by reason of the premises the defendant became liable before the bringing of this suit to pay the plaintiff the one-half of said sum, to wit, the sum of $67.50 with interest. We are of opinion that the amended declaration failed to state a good cause of action.

The assignments of error are dismissed and the judgment is affirmed.